# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:99-cr-00074-MR-1

| | |
|---|---|
| JACOBE BOLDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion Pursuant to Civil Procedural Rule 60(b)(6)" [Doc. 49].

On April 26, 2000, the Petitioner was sentenced to a total of 272 months' imprisonment. [Doc. 29]. The Petitioner did not appeal his conviction and sentence. On April 26, 2002, the Petitioner filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction." [Doc. 40]. This Court construed Petitioner's motion as a motion pursuant to 28 U.S.C. § 2255 and denied it as untimely on July 15, 2002. [Doc. 41]. The Petitioner appealed, and on August 14, 2003, the Fourth Circuit Court of Appeals dismissed his appeal and denied a certificate of appealability. [Doc. 43].

The Court received the Petitioner's present motion on November 16, 2015. In his motion, the Petitioner purports to seek reconsideration of the denial of his motion to vacate pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, citing as grounds the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551(2015). [Doc. 49].

Although styled as a motion for reconsideration, the Petitioner's motion seeks to attack his conviction and sentence directly, not to remedy some defect in the collateral review process as would be cognizable under Rule 60(b). Accordingly, the Court will treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

2

28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion Pursuant to Civil Procedural Rule 60(b)(6)" [Doc. 49] is **DENIED** and **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 23, 2015

Martin Reidinger
United States District Judge